067199

FILED

SEP 2 8 2007

U.S. COURT OF FEDERAL CLAIMS

ORIGINAL

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| PRINCIPAL LIFE INSURANCE COMPANY,<br><br>and<br><br>PRINCIPAL FINANCIAL GROUP, INC.<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | CIVIL NO. 07-706 T<br><br>COMPLAINT |

COME NOW the Plaintiffs, Principal Life Insurance Company and Principal Financial Group, Inc., hereinafter sometimes referred to collectively as "Plaintiff" or "Principal," by and through their attorney, and for their complaint against the Defendant, the United States of America, respectfully allege:

## GENERAL ALLEGATIONS

1. This action is founded in part upon the Internal Revenue Code of 1986, Title 26, United States Code (hereinafter referred to as the "Internal Revenue Code"), and is brought by Plaintiff for the recovery of federal income

taxes, interest, and penalties erroneously and illegally assessed and collected by the Defendant. Alternatively, this action is brought for the recovery of money deposited by Plaintiff with the Defendant which has been and is now improperly retained by the Defendant in contravention of the provisions of the Internal Revenue Code referred to herein. The jurisdiction of this Court is invoked under the provisions of Title 28, United States Code, Section 1491(a)(1).

2. Principal Financial Group, Inc. ("Principal Financial") is a corporation organized and existing under the laws of the State of Delaware, with its principal office located in Des Moines, Iowa, whose common stock is publicly traded on the New York Stock Exchange. Principal Financial is the common parent of an affiliated group of corporations within the meaning of Treasury Regulation §1.1502-77(a)(1)(i).

3. Principal Life Insurance Company ("Principal Life") is an Iowa insurance corporation with principal offices in Des Moines, Iowa. Principal Life is a wholly-owned indirect subsidiary of Principal Financial and one of the members of Principal Financial's affiliated group of corporations. Principal Life is engaged, and at all times relevant to this action was engaged, in the business of writing various forms of individual and group life and health insurance and annuities. Principal Financial and Principal Life are and were at all times relevant

to this action calendar year taxpayers. For the taxable year 1998, Principal Life was at all times relevant to this action the substitute or designated agent, within the meaning of Treasury Regulation §1.1502-77(d) and (h), for all of the corporations that were members of its affiliated group.

4. The Defendant is the United States of America.

5. Except as hereinafter stated, no action on the portions of the claims for refund referred to herein has been taken by Congress or any agency of the United States. No other suit or process by Plaintiff is pending on such matters in any other court.

6. Plaintiff is the sole owner of the claims for refund referred to herein and has neither made nor received any assignment thereof.

7. More than six months have elapsed since the filing of the claims for refund referred to herein and this action has been commenced within the extended limitations period authorized by and agreed to pursuant to Section 6532(a)(2) of the Internal Revenue Code.

## COUNT I

## Tax Year: 1997

8. Plaintiff repleads and incorporates by reference Paragraphs 1 through 7, inclusive, of the General Allegations of this Complaint as if fully set forth herein.

9. For the taxable year 1997, Principal Life was the common parent, within the meaning of Treasury Regulation §1.1502-77(a), of the affiliated group of corporations of which it was a member. Principal Life timely filed the consolidated federal income tax return for the affiliated group for the taxable year 1997 with the Internal Revenue Service Center at Kansas City, Missouri 64999, within the extended time allowed therefor. The name, address, and identification number appearing on said return were as follows:

Principal Life Insurance Company & Subsidiaries
f/k/a Principal Mutual Life Insurance Company & Subsidiaries
711 High Street
Des Moines, Iowa 50392-0350
Identification Number: 42-0127290

10. Principal Life's 1997 income tax return showed consolidated federal income tax liability for that year of $143,902,490. Principal Life made payments to the Internal Revenue Service Center at Kansas City, Missouri, within the time

periods prescribed by law, fully satisfying the amount of income tax liability shown on said return.

11. On or about June 27, 2003, Principal Life filed with the Internal Revenue Service Center at Ogden, Utah 84201-0012, a timely Amended Return/Claim for Refund of 1997 income taxes ("First 1997 Amended Return/Claim for Refund"), seeking refund of federal income taxes paid for 1997 in the amount of $2,614,791, plus interest allowable by law. The name, address, and identification number appearing on such First 1997 Amended Return/Claim for Refund were as follows:

Principal Life Insurance Company
f/k/a Principal Mutual Life Insurance Company
711 High Street
Des Moines, Iowa 503920-0350
Identification Number: 42-0127290

Certain of the facts and grounds upon which this action is brought were incorporated within such First 1997 Amended Return/Claim for Refund. A copy of the relevant portion of such First 1997 Amended Return/Claim for Refund, including those schedules and narratives relevant to this action, is filed herewith as a part of Appendix I, marked Exhibit A, and by this reference is made a part hereof.

12. On December 29, 2004, the Internal Revenue Service sent to Plaintiff by certified mail notice that its First 1997 Amended Return/Claim for Refund, including the issues contained therein which are included in this action, was disallowed.

13. On January 13, 2005, following issuance by the Internal Revenue Service of a statutory notice of deficiency for 1997, Plaintiff remitted to the Internal Revenue Service a deposit for 1997 in the total amount of $26,100,000. On or about January 28, 2005, such remitance was applied as a payment of taxes, interest, and penalties in the aggregate amount of $24,607,314 claimed by the Internal Revenue Service to be due for 1997.

14. On December 20, 2006, the Internal Revenue Service executed Form 907 in which it agreed that a refund suit with respect to the taxable year 1997 and its notice of disallowance mailed on December 29, 2004 could be commenced by Plaintiff on or before September 30, 2007.

15. On or about January 26, 2007, Principal Life timely filed with the Internal Revenue Service Center at Ogden, Utah 84201-0012, a second Amended Return/Claim for Refund of 1997 income taxes ("Second 1997 Amended Return/Claim for Refund"), seeking refund of federal income taxes and penalties paid for 1997 in the amount of $6,276,923, plus interest allowable by law. The

name, address, and identification number appearing on such Second 1997 Amended Return/Claim for Refund were as follows:

Principal Life Insurance Company
711 High Street
Des Moines, Iowa 50309-0350
Identification Number: 42-0127290

Certain of the facts and grounds upon which this action is brought were incorporated within such Second 1997 Amended Return/Claim for Refund. A copy of the relevant portion of such Second 1997 Amended Return/Claim for Refund, including those schedules and narratives relevant to this action, is filed herewith as a part of Appendix I, marked Exhibit B, and by this reference is made a part hereof.

16. Principal Life's Second 1997 Amended Return/Claim for Refund has not been disallowed in whole or in part by the Internal Revenue Service and the Internal Revenue Service has failed and refused to allow any portion of Principal Life's Second 1997 Amended Return/Claim for Refund.

17. The failure and refusal of the Internal Revenue Service to allow those portions of Principal Life's First and Second 1997 Amended Returns/Claims for Refund referred to below was wrongful, erroneous, and illegal, and was the result of the following errors of the Internal Revenue Service:

(a) Assessment and collection of interest on deferred tax under Section 453A of the Internal Revenue Code in the amount of $2,120,566 on the deferred portion of Plaintiff's recognized but unreported capital gain resulting from its sale in 1991 of installment obligations to its indirect subsidiary, Principal FC, Ltd. Such Section 453A interest was the subject of this Court's decision filed on March 17, 2006, in *Principal Life Insurance Company v. U.S.*, No. 02-1278T, relating to the taxable years 1991-1994.

(b) Determination that the original issue discount rules of §1271-1275 and 1286 require inclusion in Plaintiff's income of $2,883,132 in connection with certain Custodial Share Receipts received by Plaintiff pursuant to Custodial Share Agreements with regulated investment companies, on the ground that such Custodial Share Receipts in reality represent debt instruments.

(c) Failure to allow carryforward from 1996 of alternative minimum tax credit in the amount of $4,269,656 and §29 credit[1] in the amount of $2,007,267.

---

[1] Now Section 45K of the Internal Revenue Code.

(d) Assessment and collection of the accuracy-related penalty under §6662(a) in the amount of $780,951 for alleged negligence and substantial understatement claimed in connection with adjustments made to Plaintiff's net operating loss carrybacks from 1999 and 2000 relating to its investments in Whispering Woods, LLC and certain perpetual securities.

(e) Failure to make timely assessment of the 1997 tax deficiency in the amount of $22,097,933, penalty in the amount of $780,951, and interest in the amount of $1,728,430 demanded from and paid by Plaintiff on January 28, 2005, for the reason that such assessments were barred by the statute of limitations.

18. By virtue of the failure and refusal of the Internal Revenue Service to allow those portions of Plaintiff's First and Second 1997 Amended Returns/Claims for Refund attributable to the facts and grounds set forth in paragraph 17 above, the Plaintiff has overpaid its federal income taxes for the taxable year 1997 in the amount of $30,913,111, and has overpaid the accuracy-related penalty in the amount of $780,951, which amounts, together with assessed interest paid thereon and overpayment interest as provided by law (including interest calculated under Section 6621(d) of the Internal Revenue Code), are now due and owing to the Plaintiff by the Defendant.

19. In the alternative, Plaintiff states that the remittance made by it on January 13, 2005 referred to in paragraph 13 above was a deposit in the nature of a cash bond in accordance with Section 6603 of the Internal Revenue Code and Revenue Procedure 84-58, that application of such remittance in payment of taxes, penalties, and/or interest for 1997 was predicated upon the ability of the Internal Revenue Service to properly assess such taxes, penalties, and/or interest for 1997 within the period of limitations applicable thereto, that no such timely assessment of such taxes, penalties, and/or interest for 1997 was made by the Internal Revenue Service within the applicable statute of limitation, and that, accordingly, the full amount of such deposit has been improperly retained by the Internal Revenue Service in contravention 26 U.S.C. §§ 6503(a) and 6213(b)(4) and the provisions of Internal Revenue Code referred to in paragraph 17 above, and such amount is now due and owing to the Plaintiff.

**COUNT II**

**Tax Year: 1998**

20. Plaintiff repleads and incorporates by reference Paragraphs 1 through 7, inclusive, of the General Allegations of this Complaint as if fully set forth herein.

21. Principal Life, as substitute or designated agent for the affiliated group of which it was a member, pursuant to Treasury Regulation §1.1502-77(d) and (h), timely filed the consolidated federal income tax return for the affiliated group for the taxable year 1998 with the Internal Revenue Service Center at Kansas City, Missouri 64999, within the extended time allowed therefor. The name, address, and identification number appearing on said return were as follows:

Principal Mutual Holding Company
711 High Street
Des Moines, Iowa 50392-0350
Identification Number: 42- 1476365

22. Plaintiff's 1998 income tax return showed consolidated federal income tax liability for that year of $186,550,753. Plaintiff made payments to the Internal Revenue Service Center at Kansas City, Missouri, within the time periods prescribed by law, fully satisfying the amount of income tax liability shown on said return.

23. On or about June 27, 2003, Principal Life as substitute or designated agent for its affiliated group filed with the Internal Revenue Service Center at Ogden, Utah 84201-0012, a timely Amended Return/Claim for Refund of 1998 income taxes ("First 1998 Amended Return/Claim for Refund"), seeking refund of

federal income taxes for 1998 in the amount of $2,186,449, plus interest allowable by law. The name, address, and identification number appearing on such First 1998 Amended Return/Claim for Refund were as follows:

Principal Life Insurance Company
f/k/a Principal Mutual Life Insurance Company
711 High Street
Des Moines, Iowa 50392-0350
Identification Number: 42-0127290

Certain of the facts and grounds upon which this action is brought were incorporated within such First 1998 Amended Return/Claim for Refund. A copy of the relevant portion of such First 1998 Amended Return/Claim for Refund, including those schedules and narratives relevant to this action, is filed herewith as a part of Appendix I, marked Exhibit C, and by this reference is made a part hereof.

24. On December 29, 2004, the Internal Revenue Service sent to Plaintiff by certified mail notice that a portion of its First 1998 Amended Return/Claim for Refund, including the issues contained therein on which this action is brought, was disallowed.

25. On January 13, 2005, following issuance by the Internal Revenue Service of a statutory notice of deficiency for 1998, Plaintiff remitted to the Internal Revenue Service a deposit for 1998 in the total amount of $51,600,000.

On or about January 28, 2005, such remitance was applied as a payment of taxes, interest, and penalties in the aggregate amount of $51,204,162 claimed by the Internal Revenue Service to be due for 1998.

26. On December 20, 2006, the Internal Revenue Service executed Form 907 in which it agreed that a refund suit with respect to the taxable year 1998 and its notice of disallowance mailed on December 29, 2004, involving certain issues specified in such Form 907 acknowledged to have been included in Plaintiff's First 1998 Amended Return/Claim for Refund, could be commenced by Plaintiff on or before September 30, 2007.

27. On or about January 26, 2007, Principal Life as substitute or designated agent for its affiliated group timely filed with the Internal Revenue Service Center at Ogden, Utah 84201-0012, a second Amended Return/Claim for Refund of 1998 income taxes ("Second 1998 Amended Return/Claim for Refund"), seeking refund of federal income taxes and penalties paid for 1998 in the amount of $37,458,810, plus interest allowable by law. The name, address, and identification number appearing on such Second 1998 Amended Return/Claim for Refund were as follows:

Principal Life Insurance Company
As Designated Agent for Principal Mutual Holding Company
711 High Street

Des Moines, Iowa 50309-0350
Identification Number: 42-0127290

Certain of the facts and grounds upon which this action is brought were incorporated within such Second 1998 Amended Return/Claim for Refund. A copy of the relevant portion of such Second 1998 Amended Return/Claim for Refund, including those schedules and narratives relevant to this action, is filed herewith as a part of Appendix I, marked Exhibit D, and by this reference is made a part hereof.

28. Such Second 1998 Amended Return/Claim for Refund has not been disallowed in whole or in part by the Internal Revenue Service and the Internal Revenue Service has failed and refused to allow any portion of Plaintiff's Second 1998 Amended Return/Claim for Refund.

29. The failure and refusal of the Internal Revenue Service to allow those portions of Principal Life's First and Second 1998 Amended Returns/Claims for Refund referred to below was wrongful, erroneous, and illegal, and was the result of the following errors of the Internal Revenue Service:

(a) Assessment and collection of interest on deferred tax under Section 453A of the Internal Revenue Code in the amount of $1,884,948 on the deferred portion of Plaintiff's recognized but unreported capital gain

resulting from its sale in 1991 of installment obligations to its indirect subsidiary, Principal FC, Ltd. Such Section 453A interest was the subject of this Court's decision filed on March 17, 2006, in *Principal Life Insurance Company v. U.S.*, No. 02-1278T, relating to the taxable years 1991-1994.

(b) Determination that the original issue discount rules of §§1271-1275 and 1286 require inclusion in Plaintiff's income of $3,193,296 in connection with certain Custodial Share Receipts received by Plaintiff pursuant to Custodial Share Agreements with regulated investment companies, on the ground that such Custodial Share Receipts in reality represent debt instruments.

(c) Determination that Plaintiff's income for 1998 should include previously-deducted guarantee fund assessments in the amount of $2,296,820. Additionally, or in the alternative, Plaintiff states that the Defendant is estopped from excluding such guaranty fund assessments from Plaintiff's income for 1998 by virtue of its inconsistent position with respect to such item in prior taxable years and by virtue of the Court's decision in *Principal Life Insurance Company And Subsidiaries v. The United States*, 70 Fed. Cl. 144 (2006).

(d) Disallowance of a portion of Plaintiff's capital loss carryback under §1212 from 2001, including, *inter alia,* reduction of such capital loss carryback by disallowance of losses in the amount of $210,668,700 incurred by Plaintiff in 2001 upon disposition of certain interests issued by the Seve Primary Trust and the Evergreen Primary Trust, and further reduction of such capital loss carryback by the amount of $47,885,162 determined to represent capital gain realized upon disposition in 2001 of Plaintiff's interest in Whispering Woods, LLC.

(e) Assessment and collection of the accuracy-related penalty under §6662(a) in the amount of $7,491,744 for alleged negligence and substantial understatement claimed in connection with adjustments made to Plaintiff's net operating loss carrybacks from 1999 and 2000 relating to its investments in Whispering Woods, LLC and certain perpetual securities.

(f) Failure to make timely assessment of the 1998 tax deficiency in the amount of $37,509,413, penalty in the amount of $7,491,744, and interest in the amount of $6,303,004 demanded from and paid by Plaintiff on January 28, 2005, for the reason that such assessments were barred by the statute of limitations.

30. By virtue of the failure and refusal of the Internal Revenue Service to allow those portions of Plaintiff's First and Second 1998 Amended Returns/Claims for Refund attributable to the facts and grounds set forth in paragraph 29 above, the Plaintiff has overpaid its federal income taxes for the taxable year 1998 in the amount of $39,538,492, and has overpaid the accuracy-related penalty in the amount of $7,491,744, which amounts, together with assessed interest paid thereon and overpayment interest as provided by law (including interest calculated under Section 6621(d) of the Internal Revenue Code), are now due and owing to the Plaintiff by the Defendant.

32. In the alternative, Plaintiff states that the remittance made by it on January 13, 2005 referred to in paragraph 26 above was a deposit in the nature of a cash bond in accordance with Section 6603 of the Internal Revenue Code and Revenue Procedure 84-58, that application of such remittance in payment of taxes, penalties, and/or interest for 1998 was predicated upon the ability of the Internal Revenue Service to properly assess such taxes, penalties, and/or interest for 1998 within the period of limitations applicable thereto, that no such timely assessment of such taxes, penalties, and/or interest for 1998 was made by the Internal Revenue Service within the applicable statute of limitation, and that, accordingly, the full amount of such deposit has been improperly retained by the Internal

Revenue Service in contravention 26 U.S.C. §§ 6503(a) and 6213(b)(4) and the provisions of Internal Revenue Code referred to in paragraph 29 above, and such amount is now due and owing to the Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

(1) For federal income taxes overpaid in the amount of $78,724,298, together with the assessed interest paid and overpayment interest as provided by law (including interest calculated under Section 6621(d);

(2) In addition, or in the alternative, in the amount of $75,911,476 for monies improperly retained by the Internal Revenue Service in contravention of the provisions of the Internal Revenue Code referred to herein, plus interest as provided by law (including interest calculated under Section 6621(d)); and

(3) for the costs of this proceeding which are allowable, and for such other relief as the Court may decree.

Dated: September 27, 2007

Bruce Graves
Brown, Winick, Graves, Gross,
Baskerville and Schoenebaum, PLC
666 Grand Avenue, Suite 2000
Des Moines, IA 50309-2510
Telephone: 515/242-2400
Facsimile: 515/283-0231
Email: *graves@brownwinick.com*

ATTORNEY FOR PLAINTIFFS,
PRINCIPAL LIFE INSURANCE
COMPANY and
PRINCIPAL FINANCIAL GROUP, INC.

OF COUNSEL:
William C. Brown, Esq.
John D. Schmidt, Esq.