IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 07-706 T
(Judge Francis M. Allegra)

PRINCIPAL LIFE INSURANCE COMPANY AND
PRINCIPAL FINANCIAL GROUP, INC.,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

ANSWER

For its answer to the complaint, defendant respectfully denies each and every allegation contained therein that is not expressly admitted below.

Defendant further:

1. Denies the allegations contained in the first sentence of paragraph 1 that the taxes, interest, and penalties at issue were erroneously or illegally assessed or collected; states that the remainder of the allegations contained in the first sentence of paragraph 1 and the allegations contained in the second sentence of paragraph 1 constitute Plaintiff's characterization of their claim or legal conclusions or arguments to which no response is required; with respect to the allegations contained in the third sentence of paragraph 1, admits that the Court's jurisdiction, to whatever extent it exists, is predicated on 28

U.S.C., § 1491.

2. Admits the allegations contained in the first sentence of paragraph 2; and states that the allegations contained in the second sentence of paragraph 2 constitute legal conclusions to which no response is required.

3. Admits the allegations contained in the first sentence of paragraph 3; states that it currently is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 3 that Principal Life Insurance Company is a wholly-owned indirect subsidiary of Principal Financial Group Inc., and states that the remainder of the allegations in the second sentence of paragraph 3 constitute legal conclusions to which no response is required; admits the allegations contained in the third sentence of paragraph 3; states that the allegations contained in the fourth sentence that Principal Financial Group, Inc. and Principal Life Insurance Company were at all times relevant to this action calendar year taxpayers constitute legal conclusion or argument to which no response is required, and states that it is currently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the fourth sentence; states that the allegations contained in the fifth sentence of paragraph 3 constitute legal conclusions or argument to which no response is required.

4. Admits the allegations contained in paragraph 4.

5-6. States that it is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 5 and 6.

7. Admits the allegations contained in paragraph 7 that more than six months have elapsed since the filing of the four claims identified in this Answer, and states that the remaining allegations contained in paragraph 7 (including the allegation "referred to herein") constitute legal conclusions or argument to which no response is required.

8. Restates and incorporates by reference herein its responses to the allegations contained in paragraph 1 through 7.

9. States that the allegations contained in the first sentence of paragraph 9 constitute conclusions of law to which no response is required; admits the allegations contained in the second sentence of paragraph 9 that Principal Life Insurance Company and Subsidiaries filed a consolidated federal income tax return for the taxable year 1997 with the IRS and that the time for filing such return was extended; states that the allegations contained in the second sentence of paragraph 9 that the return was "timely filed" and that the return was filed "for the affiliated group" constitute conclusions of law to which no response is required; states that it currently is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the second sentence of paragraph 9; and admits the allegations contained in the third sentence of paragraph 9 that the name, address, and identification number appearing on the consolidated return filed by Principal Life Insurance Company and Subsidiaries for the taxable year 1997 were as stated in the complaint, and states that the remaining allegations contained in the third sentence of paragraph 9 incorporate legal conclusions to which no response is required.

10. Admits the allegations contained in the first sentence of paragraph 10; admits the allegations contained in the second sentence of paragraph 10 that Principal Life Insurance Company made payments to the IRS fully satisfying the amount of income tax liability shown on its 1997 income tax return; states that the allegations contained in the second sentence of paragraph 10 regarding the timeliness of such payments constitute legal conclusions to which no response is required; and states that it currently is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 10.

11. With respect to the allegations contained in the first sentence of paragraph 11, admits that Principal Life Insurance Company and Subsidiaries filed with the IRS an amended return/claim for refund of 1997 income taxes dated June 27, 2003, seeking refund of federal income taxes paid for 1997 in the amount of $2,614,791, plus interest allowable by law; states that the allegations contained in the first sentence of paragraph 11 regarding the "timely" filing of the refund claim is a conclusion of law to which no response is required, and that the characterization of the 1997 refund claim dated June 27, 2003 as the "First 1997 Amended Return/Claim for Refund" is merely a label for identification purposes, without legal effect; and states that it currently is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the first sentence of paragraph 11. Admits the allegations contained in the second sentence of paragraph 11 that the address and identification number appearing on the 1997 refund claim dated June 27, 2003, were as stated in the

complaint (except states that the zip code shown on the amended return was 50392-0350), states that the name appearing on that document was "Principal Life Insurance Company and Subsidiaries", and states that it currently is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the second sentence of paragraph 11 and that such allegations incorporate legal conclusions to which no response is required. States that the allegations contained in the third sentence of paragraph 11 constitute legal argument to which no response is required. With respect to the allegations in the fourth sentence of paragraph 11, admits that a copy of a portion of the amended return for 1997 dated June 27, 2003, which portion plaintiff contends is relevant to this action and includes narratives plaintiff contends are relevant to this action, was filed with the complaint as Exhibit A, but states that no "schedules" were included with the filed portion, and states that it currently is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the fourth sentence of paragraph 11 and that such allegations incorporate legal conclusions to which no response is required, and denies each and every allegation contained in that Exhibit not expressly admitted in this Answer.

12. States that the allegations contained in paragraph 12 regarding issues contained in a refund claim and also included in this action constitute legal argument to which no response is required; and states it currently is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 12; and, with respect to the allegations contained in paragraph 12, also states

that the IRS, on December 29, 2004, issued a notice of deficiency to Plaintiff, in which the IRS allowed certain items raised in Plaintiff's 1997 refund claim dated June 27, 2003, but did not allow others.

13. With respect to the allegations contained in the first sentence of paragraph 13, admits that on or about January 13, 2005, following issuance by the IRS of a statutory notice of deficiency for 1996-2000, Plaintiff remitted to the IRS $444,000,000 with the request that the remittance be treated as a deposit in the nature of a cash bond and with the request that $26,100,000 of such remittance be treated as a deposit in the nature of a cash bond with respect to 1997; and states that the allegation that the remittance of $26,100,000 for 1997 was a "deposit" is a legal conclusion to which no response is required. With respect to the allegations contained in the second sentence of paragraph 13, admits that $26,075,901.94 of the $444,000,000 (remitted on or about January 13, 2005) was applied as a payment of taxes, interest, and penalties determined by the IRS to be due for 1997; and states that the allegation regarding the date (on or about January 28, 2005) the remittance was applied as a payment constitutes a legal conclusion to which no response is required, or, in the alternative, denies such allegation.

14. With respect to the allegations contained in paragraph 14, admits that, on December 20, 2006, the IRS executed Form 907 in which it agreed that a refund suit to recover the taxes described in the Form 907 (with respect to the taxable year 1997 and with respect to a notice of disallowance mailed or waiver filed on December 29, 2004) could be commenced by Plaintiff on or before September 30, 2007.

15. With respect to the allegations contained in the first sentence of paragraph 15, admits that Principal Life Insurance Company filed with the IRS an amended return/claim for refund of 1997 income taxes dated January 25, 2007, seeking refund of federal income taxes and penalties paid for 1997 in the amount of $6,276,923, plus interest allowable by law; states that the allegation contained in the first sentence of paragraph 15 regarding the “timely” filing of the refund claim is a conclusion of law to which no response is required, and that the characterization of the 1997 refund claim dated January 25, 2007 as the “Second 1997 Amended Return/Claim for Refund” is merely a label for identification purposes, without legal effect; and states that it currently is without knowledge or information sufficient to form a belief as to the remaining allegations contained in the first sentence of paragraph 15. Admits the allegations contained in the second sentence of paragraph 15 that the name, address, and identification number appearing on the 1997 refund claim dated January 25, 2007, were as stated in the complaint (except states that the zip code shown on the amended return was 50392-0350), and states that it currently is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the second sentence of paragraph 15 and that such allegations incorporate legal conclusions to which no response is required. States that the allegations contained in the third sentence of paragraph 15 constitute legal argument to which no response is required. With respect to the allegations in the fourth sentence of paragraph 15, admits that a copy of a portion of the amended return for 1997 dated January 25, 2007, which portion

plaintiff contends is relevant to this action and includes narratives plaintiff contends are relevant to this action, was filed with the complaint as Exhibit B, but states that no "schedules" were included with the filed portion, and states that it currently is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the fourth sentence of paragraph 11 and that such allegations incorporate legal conclusions to which no response is required, and denies each and every allegation contained in that Exhibit not expressly admitted in this Answer.

16. With respect to the allegations contained in paragraph 16, admits that Principal Life's amended return/claim for refund for 1997 dated January 25, 2007, has not been disallowed in whole or in part by the IRS and that the IRS has not allowed any portion of such claim.

17. With respect to the allegations contained in paragraph 17, admits that the IRS has not allowed portions of Principal Life's refund claim for 1997 dated June 27, 2003, and has not allowed Principal Life's refund claim for 1997 dated January 25, 2007; states that the allegations contained in paragraph 17 regarding portions of refund claims and what is referred to in paragraph 17 constitute legal argument to which no response is required; and denies the remaining allegations contained in paragraph 17, including denies that actions of the IRS were wrongful, erroneous, or illegal.

(a) Admits the allegations contained in the first sentence of paragraph 17(a) that the IRS assessed and collected additional tax on interest on deferred tax under Section 453A of the Internal Revenue Code in the amount of $2,120,566; states that the

allegations contained in the first sentence of paragraph 17(a) characterizing the basis for IRS's collection and assessment are irrelevant, as this action is a *de novo* proceeding, and constitute legal argument to which no response is required; and admits the allegations contained in the second sentence of paragraph 17(a) that interest under Section 453A of the Internal Revenue Code was the subject of the referenced decision relating to the taxable years 1991-1994.

(b) States that the allegations contained in paragraph 17(b) characterizing an IRS determination are irrelevant, as this action is a *de novo* proceeding, and constitute legal argument to which no response is required.

(c) Admits the allegations contained in paragraph 17(c) that the IRS has not allowed the carryovers referenced therein.

(d) Admits the allegations contained in paragraph 17(d) that the IRS assessed and collected an accuracy-related penalty for 1997 in the amount of $780,951 for (as recorded in the notice of deficiency issued on December 29, 2004) substantial understatement of income tax and negligence or disregard of rules and regulations; and states that it is currently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 17(d).

(e) With respect to the allegations contained in paragraph 17(e), admits that the IRS assessed for 1997 tax in the amount of $22,097,933, restricted interest in the amount of $3,078,792.77, penalty in the amount of $780,951, and made an interest correction in the amount of $118,225.16; states that characterization of an assessment as untimely or

"barred by the statute of limitations" constitutes a legal conclusion to which no response is required, or, in the alternative, denies that the assessments were untimely or barred by the statute of limitations; states that the allegation regarding the timing of payment of tax, penalty, and interest as on January 28, 2005, constitutes a legal conclusion to which no response is required, or, in the alternative, denies such allegation.

18. With respect to the allegations contained in paragraph 18, admits that the IRS has not allowed portions of Principal Life's refund claim for 1997 dated June 27, 2003, and has not allowed Principal Life's refund claim for 1997 dated January 25, 2007; states that the allegations contained in paragraph 18 regarding attribution are legal argument to which no response is required; and denies the remaining allegations contained in paragraph 18, including denies that plaintiff has overpaid taxes, penalty, and interest or that any amount is due and owing.

19. With respect to the allegations contained in paragraph 19, admits that on or about January 13, 2005, Plaintiff remitted to the IRS $444,000,000 with the request that the remittance be treated as a deposit in the nature of a cash bond and with the request that $26,100,000 of such remittance be treated as a deposit in the nature of a cash bond with respect to 1997; admits that $26,075,901.94 of the $444,000,000 (remitted on or about January 13, 2005) was applied as a payment of taxes, interest, and penalties determined by the IRS to be due for 1997; denies that such amount is now due and owing to the Plaintiff; and states that the remaining allegations contained in paragraph 29 are legal conclusions or argument to which no response is required.

20. Restates and incorporates by reference herein its responses to the allegations contained in paragraph 1 through 7.

21. With respect to the allegations contained in the first sentence of paragraph 21, admits that Principal Mutual Holding Company filed a consolidated federal income tax return for the taxable year 1998 with the IRS and that the time for filing such return was extended; states that it currently lacks knowledge or information to form a belief as to the truth of the allegation contained in the first sentence of paragraph 21 regarding the location of the filing of such return; and states that the remaining allegations contained in the first sentence of paragraph 21 constitute conclusions of law to which no response is required. Admits the allegations contained in the second sentence of paragraph 21 that the name, address and identification number appearing on the 1998 consolidated return filed by Principal Mutual Holding Company, were as stated in the complaint (except states that the zip code appearing on the return was 50392), and states that it currently is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the second sentence of paragraph 21 and that such allegations incorporate legal conclusions to which no response is required.

22. With respect to the allegations contained in the first sentence of paragraph 22, admits that Principal Mutual Holding Company's 1998 income tax return showed consolidated federal income tax liability for that year of $186,550,753. With respect to the allegations contained in the second sentence of paragraph 22, admits that payments to the IRS were made fully satisfying the amount of income tax liability shown on Principal

Mutual Holding Company's 1998 income tax return; states that the allegations regarding the timeliness of such payments constitute legal conclusions to which no response is required; and states that it currently is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the second sentence.

23. With respect to the allegations in the first sentence of paragraph 23, admits that "Principal Ins Co as agent for Principal Mutual Ho Co" filed with the IRS an amended return/claim for refund dated June 27, 2003, for 1998 income taxes, seeking refund of federal income taxes for 1998 in the amount of $2,186,449, plus interest allowable by law; states that the allegations contained in the first sentence of paragraph 23 regarding the "timely" filing of the refund claim and "substitute or designated agent for its affiliated group" constitute conclusions of law to which no response is required, and that the characterization of the 1998 refund claim dated June 27, 2003 as the "First 1998 Amended Return/Claim for Refund" is merely a label for identification purposes; and states that it currently is without knowledge or information sufficient to form a belief as to the remaining allegations contained in the first sentence of paragraph 23. Admits the allegations contained in the second sentence of paragraph 23 that the address and identification number appearing on the 1998 refund claim dated June 27, 2003, were as stated in the complaint (except states that the zip code shown on the amended return was 50392), states that the name appearing on that refund claim was "Principal Mutual Holding Co. & Subsidiaries", and states that it currently is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations

contained in the second sentence of paragraph 23 and that such allegations incorporate legal conclusions to which no response is required. States that the allegations contained in the third sentence of paragraph 23 constitute legal argument to which no response is required. With respect to the allegations in the fourth sentence of paragraph 23, admits that a copy of a portion of the 1998 refund claim dated June 27, 2003, which portion plaintiff contends is relevant to this action and includes narratives plaintiff contends are relevant to this action, was filed with the complaint as Exhibit C, but states that no "schedules" were included with the filed portion, and states that it currently is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the fourth sentence of paragraph 23 and that such allegations incorporate legal conclusions to which no response is required, and denies each and every allegation contained in that Exhibit not expressly admitted in this Answer.

24. States that the allegations contained in paragraph 24 regarding issues contained in a refund claim and also included in this action constitute legal argument to which no response is required; and states it currently is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 24; and, with respect to the allegations contained in paragraph 24, also states that the IRS, on December 29, 2004, issued a notice of deficiency to Plaintiff, in which the IRS allowed certain items raised in the 1998 refund claim dated June 27, 2003, but did not allow others.

25. With respect to the allegations contained in the first sentence of paragraph

25, admits that on or about January 13, 2005, following issuance by the IRS of a statutory notice of deficiency for 1996-2000, Plaintiff remitted to the IRS $444,000,000 with the request that the remittance be treated as a deposit in the nature of a cash bond and with the request that $51,600,000 of such remittance be treated as a deposit in the nature of a cash bond with respect to 1998; and states that the allegation contained in the first sentence of paragraph 25 that the remittance of $51,600,000 for 1998 was a "deposit" is a legal conclusion to which no response is required. With respect to the allegations contained in the second sentence of paragraph 25, admits that $51,121,858.39 of the $444,000,000 (remitted on or about January 13, 2005) was applied as a payment of taxes, interest, and penalties determined by the IRS to be due for 1998; and states that the allegation regarding the date (on or about January 28, 2005) the remittance was applied as a payment constitutes a legal conclusion to which no response is required, or, in the alternative, denies such allegation.

26. With respect to the allegations contained in paragraph 26, admits that, on December 20, 2006, the IRS executed Form 907 in which it agreed that a refund suit to recover the taxes described in the Form 907 (with respect to the taxable year 1998 and with respect to a notice of disallowance mailed or waiver filed on December 29, 2004) could be commenced by Principal Financial Services, Inc. on or before September 30, 2007; states that the Form 907 stated that claims for the amount of tax shown in the Form 907 had been timely filed and disallowed in whole or in part; and denies the remaining allegations in paragraph 26.

27. With respect to the allegations in the first sentence of paragraph 27, admits that "Principal Life Insurance Company as Designated agent for Principal Mutual Holding Company" filed with the IRS an amended return/claim for refund dated January 25, 2007, for 1998 income taxes, seeking refund of federal income taxes and penalties paid for 1998 in the amount of $37,458,810, plus interest allowable by law; states that the allegations contained in the first sentence of paragraph 27 regarding the "timely" filing of the refund claim and "substitute or designated agent for its affiliated group" constitutes conclusions of law to which no response is required; states that the characterization of the 1998 refund claim dated January 25, 2007 as the "Second 1998 Amended Return/Claim for Refund" is merely a label for identification purposes, without legal effect; and states that it currently is without knowledge or information sufficient to form a belief as to the remaining allegations contained in the first sentence of paragraph 27. Admits the allegations contained in the second sentence of paragraph 27 that the name, address, and identification number appearing on the 1998 refund claim dated January 25, 2007, were as stated in the complaint (except states that the zip code shown on the amended return was 50392-0350), and states that it currently is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the second sentence of paragraph 27 and that such allegations incorporate legal conclusions to which no response is required. States that the allegations contained in the third sentence of paragraph 27 constitute legal argument to which no response is required. With respect to the allegations in the fourth sentence of paragraph 27, admits that a copy

of a portion of the 1998 refund claim dated January 25, 2007, which portion plaintiff contends is relevant to this action and includes narratives plaintiff contends are relevant to this action, was filed with the complaint as Exhibit D, but states that no "schedules" were included with the filed portion, and states that it currently is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the fourth sentence of paragraph 27 and that such allegations incorporate legal conclusions to which no response is required, and denies each and every allegation contained in that Exhibit not expressly admitted in this Answer.

28. With respect to the allegations contained in paragraph 28, admits that the claim for refund for 1998 dated January 25, 2007, has not been disallowed in whole or in part by the IRS and that the IRS has not allowed any portion of such claim.

29. With respect to the allegations contained in paragraph 29, admits that the IRS has not allowed portions of Plaintiff's refund claim for 1998 dated June 27, 2003, and that the IRS has not allowed any portion of the refund claim for 1998 dated January 25, 2007; states that the allegations contained in paragraph 29 regarding portions of refund claims and what is referred to in paragraph 17 constitute legal argument to which no response is required; and denies the remaining allegations contained in paragraph 29, including denies that any action of the IRS was wrongful, erroneous, or illegal.

(a) Admits the allegations contained in the first sentence of paragraph 29(a) that the IRS assessed and collected additional tax on interest on deferred tax under Section 453A of the Internal Revenue Code in the amount of $1,884,948; states that the

allegations contained in the first sentence of paragraph 29(a) characterizing the basis for IRS's assessment and collection are irrelevant, as this action is a *de novo* proceeding, and constitute legal argument to which no response is required; and admits the allegations contained in the second sentence of paragraph 29(a) that interest under Section 453A of the Internal Revenue Code was the subject of the referenced decision relating to the taxable years 1991-1994.

(b) States that the allegations contained in paragraph 29(b) characterizing an IRS determination are irrelevant, as this action is a *de novo* proceeding, and constitute legal argument to which no response is required.

(c) States that the allegations contained in paragraph 29(c) characterizing an IRS determination are irrelevant, as this action is a *de novo* proceeding, and constitute legal argument to which no response is required; and states that the allegations contained in the second sentence of paragraph 29(c) are conclusions of law to which no response is required.

(d) Admits the allegations contained in paragraph 29(d) that the IRS disallowed a portion of Plaintiff's capital loss carryback from 2001 to 1998, including disallowances of $210,668,700 and $47,885,162; states that the allegations contained in paragraph 29(d) characterizing the IRS's determination with respect to the $47,885,162 disallowance are irrelevant, as this action is a *de novo* proceeding, and constitute legal argument to which no response is required; and states that it currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in

paragraph 29(d).

(e) Admits the allegations contained in paragraph 29(e) that the IRS assessed and collected an accuracy-related penalty for 1998 in the amount of $7,491,744 for (as recorded in the notice of deficiency issued on December 29, 2004) substantial understatement of income tax and negligence or disregard of rules and regulations; and states that it is currently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 29(e).

(f) With respect to the allegations contained in paragraph 29(f), admits that the IRS assessed for 1998 tax in the amount of $37,509,412, penalty in the amount of $7,491,744, interest in the amount of $6,299,642.67, and made an interest correction in the amount of $33,278.96; states that characterization of an assessment as untimely or "barred by the statute of limitations" constitutes a legal conclusion to which no response is required, or, in the alternative, denies that the assessments were untimely or barred by the statute of limitations; states that the allegation regarding the timing of payment of tax, penalty, and interest as on January 28, 2005, constitutes a legal conclusion to which no response is required, or, in the alternative, denies such allegation.

30. With respect to the allegations contained in paragraph 30, admits that the IRS has not allowed portions of Plaintiff's refund claim for 1998 dated June 27, 2003, and that the IRS has not allowed any portion of the refund claim for 1998 dated January 25, 2007; states that the allegations contained in paragraph 30 regarding attribution to "facts and grounds set forth in paragraph 29 above" are legal argument to which no

response is required; and denies the remaining allegations contained in paragraph 30.

31. Avers that the Complaint does not contain a paragraph numbered 31.

32. With respect to the allegations contained in paragraph 32, admits that on or about January 13, 2005, Plaintiff remitted to the IRS $444,000,000 with the request that the remittance be treated as a deposit in the nature of a cash bond and with the request that $51,600,000 of such remittance be treated as a deposit in the nature of a cash bond with respect to 1998; admits that $51,121,858.39 of the $444,000,000 (remitted on or about January 13, 2005) was applied as a payment of taxes, interest, and penalties determined by the IRS to be due for 1998; denies that such amount is now due and owing to the Plaintiff; and states that the remaining allegations contained in paragraph 32 are legal conclusions or argument to which no response is required.

ADDITIONAL DEFENSES

33. For each of plaintiff's tax years 1997 and 1998, the IRS allowed as deductions the interest paid for each year pursuant to Code § 453A. In the event plaintiff were to prevail on the § 453A issue in this suit, any potential recovery must be reduced (offset) by the additional tax resulting from the concomitant elimination of the deductions allowed for those interest payments.

34. Any potential recovery by plaintiff in this suit is subject to the amount limitations imposed under Code § 6511(b) and/or (c).

35. Any potential recovery by plaintiff in this suit must be reduced (offset) by any additional tax computed to be owing by plaintiff under the Internal Revenue Code as

a result of the Court's determination of the issues raised in the complaint.

36. If, as a result of the Court's determination of the issues raised in the complaint, any additional tax is computed to be owing by plaintiff under the Internal Revenue Code as to which assessment is barred by the statute of limitations, that amount must be recouped against any recovery to which plaintiff would otherwise be entitled as a result of the Court's determination.

37. All assessments of income tax, interest and penalty for 1997 and 1998 were timely. If any part of Plaintiff's $444,000,000 remittance (remitted on or about January 13, 2005) constitutes a payment of federal income tax, interest and/or penalty for 1997 or 1998 as of January 28, 2005, such payment was collected by the IRS within the period for assessment and the United States has the right to retain it. If all or any part of such remittance constitutes a deposit in the nature of a cash bond as of January 28, 2005, subsequent assessments of 1997 and 1998 income tax, interest, and penalty were timely.

38. If any part of Plaintiff's $444,000,000 remittance (remitted on or about January 13, 2005) constitutes a payment of federal income tax, interest, and/or penalty for 1997 or 1998 as of January 28, 2005, Plaintiff's returns/claims for refund for 1997 and 1998 dated January 25, 2007, were filed untimely, outside the period of limitations in 26 U.S.C. § 6511(a).

39. The Court lacks subject matter jurisdiction over any portion of this action seeking a refund for 1998 that is based on the claim that 1998 income should be reduced in the amount of $2,296,820 with respect to guarantee fund assessments, as no refund

claim for such issue and amount was filed with the IRS.

Wherefore, the complaint should be dismissed, with costs assessed against the plaintiff.

Respectfully submitted,

s/ *Bart D. Jeffress*
BART D. JEFFRESS
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6496

NATHAN J. HOCHMAN
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief, Court of Federal Claims Section
W.C. RAPP
Senior Trial Attorney

s/ *W.C. Rapp*
Of Counsel

March 25, 2008